UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ASHCRAFT,

    Plaintiff,

v.                                                                      Case No: 8:23-cv-344-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff Timothy Ashcraft seeks judicial review of the Administrative Law Judge's (ALJ) decision denying his claim for disability insurance benefits. For the following reasons, the ALJ's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for disability insurance benefits on October 30, 2020. (Tr. 206–12.) The Commissioner denied Plaintiff's claim both initially and upon reconsideration. (Tr. 59–67, 69–78.) Plaintiff then requested an administrative hearing. (Tr. 112–13.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 33–58.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

Plaintiff's claim for benefits. (Tr. 14–32.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–13.) Plaintiff then timely filed a complaint with this court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). Before the court are Plaintiff's brief in opposition to the Commissioner's decision (Dkt. 15), Defendant's brief in support of the Commissioner's decision (Dkt. 16), and Plaintiff's reply brief (Dkt. 17).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1959, claimed disability beginning on July 29, 2020. (Tr. 59, 68.) Plaintiff has at least a high school education and past relevant work as a supervisor, telecommunicator. (Tr. 54–55, 252.) Plaintiff alleged disability due to hypertension, high cholesterol, diabetes, arthritis, sleep apnea, history of bilateral knee replacement, shoulder problems, severe pain, anxiety, and depression. (Tr. 59, 69.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 29, 2020, the alleged onset date. (Tr. 19.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: cervical/lumbar degenerative disc disease; post right shoulder rotator cuff repair; post bilateral knee replacements; lumbar and cervical radiculopathy; and obesity. (Tr. 19.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22.) The ALJ then

concluded that Plaintiff retained a residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except:

> he can occasionally climb ramps/stairs, balance, stoop, kneel, and crouch, but never climb ladders, ropes, or scaffolds; he can frequently overhead reach; and he must avoid concentrated exposure to hazards.

(Tr. 23.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 24.) The ALJ then concluded, based on the testimony of a vocational expert (VE), that Plaintiff is capable of performing his past relevant work as a supervisor, telecommunicator because that work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 27.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 27.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or

psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision and argues that the ALJ erred by failing to consider Plaintiff's mental limitations in determining Plaintiff's RFC. (Dkts. 15, 17.) Specifically, Plaintiff argues that "the ALJ's own findings [] establish at least some mental limitations associated with applying information, interacting, concentrating

and maintaining pace, and adapting or managing himself" that were "not properly considered as part of the RFC finding[.]" (Dkt. 15 at 8 (emphasis removed).) Upon consideration, the court agrees and finds that remand is warranted.

At step four of the sequential evaluation process, the ALJ will use a claimant's RFC to determine the claimant's ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. The RFC is the most work the claimant can do despite limitations caused by his impairments. 20 C.F.R. § 404.1545(a)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine an individual's RFC, the ALJ assesses all the relevant medical and other evidence in the case and considers a claimant's ability to meet the "physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019) (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)); *see also* 20 C.F.R. § 404.1545(a)(2). The ALJ is not required to refer to every piece of evidence, provided that the ALJ provides sufficient reasoning for the reviewing court to evaluate whether the ALJ considered the claimant's medical condition as a whole. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021); *see also Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Social Security Regulation (SSR) 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996)). "If an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that

the claimant is not disabled cannot be upheld." *Schink*, 935 F.3d at 1269 (citing *Bowen*, 748 F.2d at 634).

At step two of the sequential evaluation process, the ALJ found that Plaintiff has medically determinable mental impairments of major depressive disorder and generalized anxiety disorder. (Tr. 20.) In considering the severity of these impairments, the ALJ included a detailed discussion of Plaintiff's testimony and subjective complaints, his medical records and treatment notes, and medical opinion evidence, and concluded that Plaintiff's medically determinable mental impairments were not severe. (Tr. 20–22.) The ALJ further found at step two that Plaintiff has mild limitations in the four broad mental functional areas, or "paragraph B" criteria, of understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace, and in adapting or managing oneself. (Tr. 20.)

Upon consideration, the court finds that despite finding that Plaintiff has medically determinable mental impairments at step two, the ALJ failed to adequately consider Plaintiff's mental impairments in formulating his RFC at step four. A finding of non-severe mental impairments at step two is insufficient to demonstrate that the ALJ adequately considered Plaintiff's mental impairments at step four, "because consideration of [Plaintiff's] RFC 'require[s] a more detailed assessment.'" *Arce v. Comm'r of Soc. Sec.*, No. 23-11315, 2024 WL 36061, at *2 (11th Cir. Jan. 3, 2024) (quoting *Schink*, 935 F.3d at 1269). Indeed, as conceded by Defendant, the ALJ's step

two findings "are not an assessment of a claimant's RFC; instead they are used to rate the severity of a claimant's mental impairments at steps two and three of the sequential evaluation process." (Dkt. 16 at 10); *see* 20 C.F.R. § 404.1520a(d) (discussing use of Psychiatric Review Technique (PRT) to evaluate severity of mental impairments). Further, although the ALJ stated that she considered "all symptoms" in formulating Plaintiff's RFC, it is not clear from the decision that she sufficiently considered the effect of Plaintiff's mental impairments and their effect in combination with his physical impairments on Plaintiff's ability to work. *See Schink*, 935 F.3d at 1269 ("Here, although the ALJ stated he 'considered all symptoms' when assessing Schink's RFC, the content of his decision demonstrates he did not.").

In determining Plaintiff's RFC, the ALJ included a detailed discussion of Plaintiff's physical impairments and their effect on his ability to work based on the evidence of record, including Plaintiff's subjective complaints, his medical records, and the opinion evidence. (Tr. 23–27.) The only mention of Plaintiff's mental impairments at step four is contained within a single paragraph discussing the persuasiveness of the state agency psychological consultants' opinions. (Tr. 24 (citing Tr. 59–67, ) However, the ALJ's consideration of those opinions is limited to their persuasiveness regarding the severity of Plaintiff's mental impairments and does not discuss any affect those impairments may have on Plaintiff's ability to work. (Tr. 24); *Arce*, 2024 WL 36061, at *2 (the ALJ's "RFC assessment at step 4 apparently was limited to Arce's physical abilities and impairments and erroneously omitted

considering her mental ones."). The ALJ's decision did not discuss whether Plaintiff's mental impairments or his mild limitations in the four broad areas of mental functioning affected his RFC or caused any limitations in his ability to work. *See* (Tr. 23–27.) Remand is therefore warranted. *See, e.g.*, *Arce*, 2024 WL 36061, at *2 n.1; *Cascio v. Comm'r of Soc. Sec.*, No. 8:20-cv-387-NPM, 2021 WL 4317387, at *5–6 (M.D. Fla. Sept. 23, 2021) ("Whether severe or not, the ALJ was required to explicitly consider Cascio's mental impairments when assessing the RFC but failed to do so."); *Mitchell v. Comm'r of Soc. Sec.*, No. 2:20-cv-236-NPM, 2021 WL 4305088, at *5–6 (M.D. Fla. Sept. 22, 2021) ("The ALJ did not discuss whether Mitchell's mild limitations in all four areas of mental functioning also limited his RFC."); *Jasper v. Saul*, No. 8:19-cv-711-T-CPT, 2020 WL 5270671, at *4–5 (M.D. Fla. Sept. 4, 2020) ("The ALJ's RFC evaluation omits any discussion of the extent to which the Plaintiff's medically determinable impairment of depressive disorder altered her vocational capacity. In fact, the ALJ did not make any findings at step four regarding the Plaintiff's mental limitations or the evidence showing how they affected her ability to work.").

As Plaintiff notes in his reply and as several courts have found in similar circumstances, Defendant's argument that the ALJ did not err in finding Plaintiff's mental impairments to be not severe at step two does not address Plaintiff's contention that the ALJ erred in formulating his RFC at step four. *See, e.g.*, *Cummins v. Comm'r of Soc. Sec.*, No. 2:22-cv-379-KCD, 2023 WL 2859162, at *3–4 (M.D. Fla. Apr. 10, 2023) ("The Commissioner's contention that Cummins failed to meet her burden of proving

that she suffered from a severe mental impairment at step two [] misconstrues the nature of her claim."); *Jasper*, 2020 WL 5270671, at *5 ("The Commissioner's contention that the Plaintiff failed to meet her burden of proving that she had a severe mental impairment at step two misapprehends the nature of the Plaintiff's argument. Her contention is that the ALJ erred at step four—not at step two—by failing to address the import of her non-severe mental impairment and her alleged mental limitations when assessing her RFC and her ability to perform past relevant work."). Rather, as explained above, the ALJ was required to consider Plaintiff's mental impairments in formulating her RFC at step four and as written, the decision fails to do so or give the court sufficient reasoning to demonstrate that the ALJ considered Plaintiff's medical condition as a whole. Indeed, "[e]ven the most favorable interpretation of the ALJ's opinion," that the ALJ implicitly considered Plaintiff's mental impairments in the RFC assessment and "found that they imposed no significant limitations on his work-related mental capacities—would not permit [the court] to affirm because" as the Eleventh Circuit holds, "the ALJ's 'failure . . . to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal' in its own right." *Schink*, 935 F.3d at 1269 (quoting *Keeton*, 21 F.3d at 1066); *see also Arce*, 2024 WL 36061, at *2 n.1 ("[W]e decline to simply assume—because the ALJ considered Arce's mental limitations at step 2 and found them to be non-severe—that the ALJ did in fact consider whether Arce's mental limitations affected her RFC, and just concluded sub

silencio that they imposed insufficient limitation on her ability to work to warrant mention of them in Arce's RFC."). The ALJ therefore erred in failing to adequately consider Plaintiff's mental impairments in formulating his RFC and remand is warranted. *E.g.*, *Dulude v. Comm'r of Soc. Sec.*, No. 6:20-cv-890-DNF, 2021 WL 4026268, at *4 (M.D. Fla. Sept. 3, 2021) (remanding where "[t]he ALJ provided no real assessment of how Plaintiff's depression affected her ability to work") (citing *Schink*, 935 F.3d at 1269–70).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons:

1. The decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this order.

2. The Clerk of Court is directed to enter final judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Tampa, Florida, on February 14, 2024.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record